IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIUS JONES,<br>    PLAINTIFF, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-865-A |
| CAROLYN W. COLVIN, ACTING<br>COMMISSIONER OF SOCIAL SECURITY,<br>    DEFENDANT. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND
NOTICE AND ORDER**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**

**I. STATEMENT OF THE CASE**

Plaintiff Julius Jones ("Jones") filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying his claims for a period of disability and disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA"). Jones protectively filed his applications in February 2010, alleging that his disability began on December 22, 2009. (Transcript ("Tr.") 10, 99-106.) After his applications for benefits were denied initially and on reconsideration, Jones requested a hearing before an administrative law judge ("ALJ"). (Tr. 10, 40-47, 52-59.) The ALJ held a hearing on August 4, 2011 and issued a decision on October 13, 2011 denying Jones'

1

applications for benefits. (Tr. 10-16, 20-35.) On October 5, 2012, the Appeals Council denied Jones' request for review, leaving the ALJ's October 13, 2011 decision as the final decision of the Commissioner in Jones' case. (Tr. 1-6.) Jones subsequently filed this civil action seeking review of the ALJ's decision.

## II. STANDARD OF REVIEW

Disability insurance is governed by Title II, 42 U.S.C. § 404 *et seq.*, and SSI benefits are governed by Title XVI, 42 U.S.C. § 1381 *et seq.*, of the SSA. In addition, numerous regulatory provisions govern disability insurance and SSI benefits. *See* 20 C.F.R. Pt. 404 (disability insurance); 20 C.F.R. Pt. 416 (SSI). Although technically governed by different statutes and regulations, "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and SSI." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. §§ 404.1520, 416.920 (2009). First, the claimant must not be presently working at any substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. §§ 404.1527, 416.972. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000). Third, disability will be found if the impairment or combination of impairments meets or

equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. *Id.* §§ 404.1520(e), 416.920(e). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience. *Id.* §§ 404.1520(f), 416.920(f); *Crowley v. Apfel,* 197 F.3d 194, 197-98 (5th Cir.1999). At steps one through four, the burden of proof rests upon the claimant to show he is disabled. *Crowley,* 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id.*

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen,* 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel,* 209 F.3d 413, 417 (5th Cir. 2000); *Hollis,* 837 F.2d at 1383.

### III.  ISSUE

In his brief, Jones presents the following issue: Whether the ALJ erred in failing to fully develop the record regarding his mental impairment and back and leg problems. (Plaintiff's Brief ("Pl.'s Br.") at 1, 8-15.)

### IV.  ALJ DECISION

In his October 13, 2011 decision, the ALJ found that Jones had not engaged in any substantial gainful activity since December 22, 2009, his alleged onset date of disability, and that he met the disability insured status requirements of the SSA through September 30, 2012. (Tr. 12.) At Step Two, the ALJ found that Jones suffered from the severe impairment of arthritis but that his impairment of hepatitis C was not severe and his impairment of prostate cancer was "non-medically determinable." (Tr. 12-13.) At Step Three, the ALJ found that Jones did not suffer from an impairment or combination of impairments that met or equaled any section in the Listing. (Tr. 13.) As to Jones' residual functional capacity ("RFC"), the ALJ stated, "After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to perform the full range of light work[1] as defined in 20 CFR 404.1657(b) and 416.967(b)." (Tr. 13 (emphasis omitted) (footnote added).) Based upon this RFC assessment, the ALJ opined that

---

[1] Pursuant to the regulations, light work is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b). The primary difference between sedentary and most light jobs is that light work requires a good deal of walking or standing. Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *5 (S.S.A. 1983). "'Frequent' means occurring from one-third to two-thirds of the time." Id. at *6. "Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Id. "Sitting may occur intermittently during the remaining time." Id.

4

Jones was capable of performing his past relevant work as a packer. (Tr. 15.) Consequently, the ALJ found that Jones was not disabled. (Tr. 15.)

## V. DISCUSSION

### A. Duty to Develop Record

Jones argues that the ALJ erred in failing to fully develop the record as to his mental impairment and back and leg problems. (Pl.'s Br. at 4-8.) Specifically, Jones states that he "believes had his mental and physical impairments been properly evaluated and investigated by the ALJ, the result of his proceeding may have been different." (Pl.'s Br. at 4.) Jones claims, in essence, that there is evidence in the record indicating that Jones had back and leg problems as well as a mental impairment and the ALJ erred in failing to obtain a medical opinion regarding the effects such impairments would have on Jones' ability to work. (Pl.'s Br. at 6-9.) Citing to several cases, including *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995), Jones argues that the case should be remanded for further investigation or to get an opinion from a medical source when, as here, the record does not clearly establish the effects Jones' impairments had on his ability to work. (Pl.'s Br. at 4-9.)

The Fifth Circuit imposes a duty on the ALJ to develop the facts relative to a claim for benefits fully and fairly. *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000); *Ripley*, 67 F.3d at 557. When the ALJ fails in this duty, he does not have before him sufficient facts on which to make an informed decision and his decision is not supported by substantial evidence. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996); *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). The ALJ's duty to fully and fairly develop the record may impose a duty to order an examination of the plaintiff. *See Brock*, 84 F.3d at 728. "An ALJ must order a consultative evaluation when such an evaluation is necessary to enable the ALJ to make the disability determination." *Id.*; *see*

20 C.F.R. §§ 404.1517, 416.917. "A consultative evaluation becomes 'necessary' only when the claimant presents evidence sufficient to raise suspicion concerning a non-exertional impairment." *Id.*; *see Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989). "An ALJ's duty to investigate 'does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated on the record.'" *Andablo v. Astrue*, No. 3:12-CV-0560-D, 2012 WL 4893215, at *4 (N.D. Tex. Oct. 16, 2012) (quoting *Leggett*, 67 F.3d at 566)). Isolated comments are insufficient, without further support, to raise a suspicion of a non-exertional impairment. *See Brock*, 84 F.3d at 728.

In this case, as noted above, the ALJ found that Jones had the severe impairment of arthritis and the RFC to perform the full range of light work. In making this determination, the ALJ, *inter alia*, considered the following evidence in the record: (1) evidence that Jones "attends to all his personal care needs, prepares his own meals, does laundry, uses public transportation, shops, pays bills, counts change, watches television, and spends time with others" (Tr. 14; *see* Tr. 169-73); (2) a December 2009 visit to the emergency room due to back pain in which he was discharged the same day "with back exercises as his only treatment" (Tr. 15; *see* Tr.198); (3) a July 2010 examination of Jones' extremities and joints showing that they were nontender to palpitation and demonstrated no evidence of synovitis or joint effusion (Tr. 15; *see* Tr. 241-42); (4) an April 2010 consultative examination in which William Bosworth, M.D. ("Dr. Bosworth") noted that Jones: (a) had normal gait and station, (b) was able to get on and off the exam table and move around without assistance or difficulty, (c) was able to heel, toe, and tandem walk "readily," (d) had no atrophy of any extremity, and (e) normal fine and dexterous finger control (Tr. 15; *see* Tr. 204-07); and (5) April 2010 x-rays of the hips and left shoulder that showed no acute findings or active disease (Tr. 15; *see* Tr. 208-09).

While the ALJ acknowledged, albeit very briefly, that the Jones had "back pain," there is no evidence that the ALJ sufficiently considered Jones' back issues. In addition, the ALJ did not at all discuss Jones' alleged leg problems or depression. Thus, the issue becomes whether there is sufficient evidence in the record to have raised "suspicion" concerning Jones' alleged back and leg problems and mental impairment or whether the evidence consisted of merely isolated comments insufficient to raise such suspicion. *See Brock*, 84 F.3d at 728; *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989) ("The isolated comments about the limits of [the claimant's] intellectual functioning, when viewed within the record as a whole, were not sufficient to raise a suspicion that [the claimant] was mentally retarded.").

After reviewing the 352 page record, the Court notes that, at the very least, there are multiple references in the records referring to Jones' alleged depression. (*See, e.g.*, Tr. 176,[2] 180-81, 268-269, 272-74, 305-06.) In addition, there are multiple references in the various medical records and at the hearing before the ALJ that Jones suffered from back issues that extended into his legs and knees, including diagnoses of lumbago and lumbar spondylosis (Tr. 26, 31-34, 275, 279-280, 296-98, 301, 303, 348.) Based on the foregoing, the Court finds that the record contains more than an isolated comment that Jones suffered from these impairments that required the ALJ, pursuant to his duty to develop the record, to consider and, if necessary, obtain additional information regarding these impairments. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware . . . when we assess your [RFC]."); 20 C.F.R. § 416.945(a)(2); *Williams v. Astrue*, No. 3:09-CV-0103-D, 2010 WL 517590, at *6 (N.D. Tex. Feb. 11, 2010) ("Courts have held that an ALJ's

---

[2] In a Report of Contact dated December 7, 2010, an employee of the SSA recognized that some of the medical records indicated that Jones suffered from depression. (Tr. 176.) While the SSA employee ultimately determined that the evidence of record did not support a mental impairment, it is clear that this impairment had been raised before the SSA. (Tr. 176.) It is, however, unclear why the ALJ failed to even discuss such alleged impairment.

7

RFC determination was not supported by substantial evidence when the ALJ failed to fully consider the issue and 'the record contained numerous references to [the claimant's] alleged mental illness as well as medication . . . for treating the same . . .'" and such a failure violates the ALJ's duty to develop the record) (quoting *Wingate v. Astrue*, No. H-08-1699, 2009 WL 3064685, at *16 (S.D. Tex. Sept. 21, 2009)).

Nonetheless, reversal is appropriate only if the claimant shows that he was prejudiced as a result of the insufficient record. *See Brock v. Chater*, 84 F.3d at 728; *Kane*, 731 F.2d at 1220. Prejudice is established when the claimant demonstrated that he would have adduced evidence that might have changed the result or the alleged failure by the ALJ affected his substantive rights. *See Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000); *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1998); *Newsome v. Barnhart*, No. 3:03-CV-3030-D, 2004 WL 3312833, at *2 (N.D. Tex. Oct. 8, 2004). "ALJ's have a special duty to seek additional medical evidence . . . pertaining to the plaintiff's ability to complete work-related activities when the information provided by medical sources is inadequate to determine whether or not the plaintiff is disabled." *Carter v. Colvin*, No. 3:12-CV-01896-BF, 2013 WL 3328691, at *9 (N.D. Tex. July 2, 2013).

In *Ripley v. Chater*, the ALJ found that the claimant could perform sedentary work even though there was no medical evidence or testimony to support that conclusion. 67 F.3d at 557. The Fifth Circuit Court of Appeals, noting that the record contained a vast amount of evidence establishing that the claimant had a back problem[3] but not clearly establishing the effect that condition had on his ability to work, remanded the case with instructions for the ALJ to obtain a report from a physician regarding the effects of the claimant's back condition on his ability to work. *Id.* at 557-58. The Fifth Circuit rejected the Commissioner's argument that the medical

---

[3] "The evidence that was available for review by the ALJ shows a four year history of surgery, medical examinations, and complaints of pain" as well as the claimant's testimony. *Ripley*, 67 F.3d at 557.

evidence that discussed the extent of the claimant's injuries substantially supported the ALJ's conclusion because the Court was unable to determine the effects of the claimant's condition, "no matter how 'small,'" on his ability to work, absent a report from a qualified medical expert. *Id.* at 558 n.27.[4] *See also Williams v. Astrue*, 355 F. App'x 828, 832 (5th Cir. 2009) (finding that ALJ may not rely on his own unsupported medical opinions as to the limitations presented by the applicant's medical conditions).

In this case, after finding that Jones suffered from the severe impairment of arthritis, the ALJ, with very little explanation, attempted to account for such severe impairment and, in theory, all other non-severe impairments (including Jones' mental impairment and back and leg problems) by limiting Jones to light work in the RFC determination.[5] In making such RFC determination,[6] however, the ALJ did not mention or discuss any opinion of a physician that

---

[4] The absence of a medical source statement describing the types of work that a claimant is capable of performing does not, in itself, make the record incomplete. *Ripley*, 67 F.3d at 557. "However, evidence describing the claimant's medical conditions is insufficient to support an RFC determination." *See Moreno v. Astrue*, No. 5:09-CV-123-BG, 2010 WL 3025525, at *3 (N.D. Tex. June 30, 2010) (citing *Ripley*, 67 F.3d at 557); *Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009) ("In *Ripley* we held that an ALJ may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions.") "[A]n ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Williams*, 355 F. App'x at 832 n.6.

[5] According to 20 C.F.R. 404.1545(e), the ALJ is to take into account the combined effects of all a claimant's impairments, including any non-severe impairments, in determining a claimant's RFC. *See* 20 C.F.R. § 416.945(e); *Johnson v. Astrue*, No. 5:09-CV-112-BG, 2010 WL 1817225, at *3 (N.D. Tex. Jan. 12, 2010) ("The ALJ is required to consider the combined effect of all the claimant's impairments.")

[6] RFC is what an individual can still do despite his limitations.[6] SSR 96-8p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996). It reflects the individual's maximum remaining ability to do sustained work activity in an ordinary work setting on a regular and continuing basis. *Id.*; *see Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). A regular and continuing basis is an eight-hour day, five days a week, or an equivalent schedule. SSR 96-8p, 1996 WL 374184, at *2. RFC is not the least an individual can do but the most. *Id.* The RFC is a function-by-function assessment, with both exertional and nonexertional[6] factors to be considered, and is based upon all of the relevant evidence in the case record. *Id.* at 3-6. The responsibility for determining a claimant's RFC lies with the ALJ. *See Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990). The ALJ must discuss the claimant's ability to perform sustained work activity on a regular and continuing basis and resolve any inconsistencies in the evidence. SSR 96-8p, 1996 WL 374184, at *7.

In making an RFC assessment, the ALJ must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with objective medical evidence and other evidence. *See* 20 C.F.R. § 404.1529; SSR 96-7p, 1996 WL 374186, at *1 (S.S.A. July 2, 1996); SSR 96-8p, 1996

9

opined on the *effects* that all Jones' severe and non-severe impairments had on his ability to work. In fact, of all the medical records before the Court, the ALJ, as set forth above, only specifically discussed five medical records: (1) a December 2009 visit to the emergency room; 2) a July 2010 examination; (3) an April 2010 consultative examination by Dr. Bosworth; (4) an April 2010 x-ray of Jones' hips; and (5) an April 2010 x-ray of Jones' left shoulder. (Tr. 15.) However, none of these medical records contained opinions on the *effects* that any of Jones' alleged impairments had on his ability to work. In addition, the Court has carefully reviewed the record and cannot find that any such opinion or evidence exists in the record.[7]

While the ALJ may choose which opinions to rely on, "he cannot . . . independently decide the effects of Plaintiff's . . . impairments on [his] ability to work, as that is expressly prohibited by *Ripley*." *Shugart v. Astrue*, No. 3:12-CV-1705-BK, 2013 WL 991252, at *5 (N.D. Tex. Mar. 13, 2013). Thus, it "became incumbent upon the ALJ to obtain an expert medical opinion about the types of work activities that Plaintiff could still perform given her impairments." *Shugart*, 2013 WL 991252, at *5. The ALJ, however, failed in his duty to develop the record. *See Newsome*, 2004 WL 3312833, at *4 ("[A]lthough the instant record contains substantial evidence that Newsome suffers from "mild" fibromyalgia that has improved

---

WL 374184, at *5. The ALJ must also consider limitations and restrictions imposed by all of an individual's impairments, even impairments that are not severe. *Id.* The ALJ is permitted to draw reasonable inferences from the evidence in making his decision, but the social security ruling also cautions that presumptions, speculation, and supposition do not constitute evidence. *See, e.g.*, SSR 86-8, 1986 WL 68636, at *8 (S.S.A. 1986), *superseded by* SSR 91-7C, 1991 WL 231791, at *1 (S.S.A. Aug. 1, 1991) (only to the extent the SSR discusses the former procedures used to determine disability in children). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) ("The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record.")

[7] The Court notes that there are two State Agency Medical Consultant opinions in the record finding that Jones did not suffer from any severe impairments. (*See* Tr. 214, 270.) If the ALJ had found that Jones did not suffer from any severe impairments at Step Two, such opinions could potentially have supported his decision. However, the ALJ wholly failed to discuss such opinions and did find, based on other evidence in the record that the ALJ did not discuss, that Jones suffered from the severe impairment of arthritis. (Tr. 12.)

with medication, the record lacks substantial evidence to support the ALJ's findings concerning *the effect* of his condition on her work-related abilities.")

Based on the specific facts in this case, the Court finds that Jones has demonstrated prejudice as the record contains sufficient evidence that Jones suffers from several other impairments that the ALJ should, at the very least, have considered. Furthermore, there is not substantial evidence in the record to (1) establish the effect Jones' arthritis and other impairments has on his ability to perform work-related tasks and (2) support the ALJ's RFC determination that Jones has the ability to perform light work. Thus, reversal and remand for further proceedings is required.[8]

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings consistent with these proposed findings of fact and conclusions of law.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate

---

[8] The Court notes that its only job in a social security appeal is to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett*, 67 F.3d at 564; *Hollis*, 837 F.2d at 1382. While the Court has attempted to give deference to the ALJ's opinion as required by law, the ALJ erred in his duty to develop the record by failing to even mention, much less discuss, Jones' alleged impairments relating to his depression and back and leg problems. Related to this issue is the fact that there is no evidence to support the ALJ's RFC determination that Jones can perform the full range of light work as no doctor opined on the *effects* that all of Jones' severe and non-severe impairments would have on his ability to perform work-related functions. Such errors cannot be deemed as harmless because, assuming the ALJ should have proceeded to the RFC determination, it is impossible to determine whether Jones could have performed either his past relevant work at Step Four or other work that exists in sufficient numbers in the national economy at Step Five until there is a valid RFC determination.

Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **February 19, 2014**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 5, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv